FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.　　　　　　　　　　　　　　　　　CASE NO. 8:17-cr-252-T-23JSS
　　　　　　　　　　　　　　　　　　　18 U.S.C. § 922(g)(1)
DEVIN FABIAN COLLINS

## INDICTMENT

The Grand Jury charges:

### COUNT ONE

On or about February 18, 2017 in the Middle District of Florida, the defendant,

DEVIN FABIAN COLLINS,

having been convicted in any court of a crime punishable by imprisonment for a term exceeding one year, namely:

  a. Possession of Cocaine with Intent to Sell, Sale of Cocaine (2), Possession of Cocaine (2), and Grand Theft Motor Vehicle, on March 11, 2010;

  b. Possession of a Cocaine, on August 21, 2013;

  c. Possession of a Cocaine, on August 21, 2013;

  d. Failure to Appear, on August 21, 2013;

  e. Sale or Delivery of Cocaine, Possession of Cocaine, and Sale of Marijuana on August 21, 2013;

  f. Aggravated Assault, Felon in Possession of a Firearm, and Possession of Cocaine, on February 21, 2014;

  g. Driving While License Suspended or Revoked on June 7, 2016;

did knowingly possess, in and affecting interstate and foreign commerce, a firearm, to wit: a Springfield Armory 9mm handgun.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(e)(1).

## FORFEITURE

1. The allegations contained in Count One of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to the provisions of Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c).

2. Upon conviction of the violation alleged in Count One, the defendant,

### DEVIN FABIAN COLLINS,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), any firearm or ammunition involved in or used in a knowing violation of Title 18, United States Code, Section 922(g)(1), including a Springfield Armory 9mm handgun .

3. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or,

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL,

_____
Foreperson

W. STEPHEN MULDROW
Acting United States Attorney

By: _____
James C. Preston, Jr.
Assistant United States Attorney

By: _____
Christopher F. Murray
Assistant United States Attorney
Chief, Violent Crimes and Gangs Section

# UNITED STATES DISTRICT COURT
Middle District of Florida
Tampa Division

## THE UNITED STATES OF AMERICA

vs.

## DEVIN FABIAN COLLINS

## INDICTMENT

Violations:   18 U.S.C. §§ 922(g)(1) and 924(e)(1)

A true bill,

_____
Foreperson

Filed in open court this 18th day

of May, 2017.

_____
Clerk

Bail $_____

GPO 863 525