[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-12431
Non-Argument Calendar

_____

D.C. Docket No. 8:17-cr-00252-SDM-JSS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEVIN FABIAN COLLINS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 15, 2019)

Before JILL PRYOR, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Devin Fabian Collins challenges the procedural and substantive reasonableness of his 210-month sentence for possession of a firearm by a

convicted felon, arguing that the district court erred in sentencing him under the Armed Career Criminal Act because his three Florida youthful-offender convictions, for which he served less than 13 months in prison, did not qualify as ACCA predicate offenses.

# I

We review the sentencing court's factual findings for clear error and its application of the law to the facts *de novo*. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007). We review the reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). Even if a district court misapplies the Guidelines, remand is unnecessary if the sentencing error was harmless. *See United States v. Dulcio*, 441 F.3d 1269, 1274 (11th Cir. 2006). However, when a defendant is erroneously sentenced under the ACCA—thereby serving a sentence greater than the statutory maximum sentence that would be applicable without the ACCA enhancement—his sentence is illegal, and harmless error does not apply. *See Mays v. United States*, 817 F.3d 728, 737 n.12 (11th Cir. 2016).

# II

In reviewing the reasonableness of a sentence, we first consider whether the district court committed a procedural error, such as failing to calculate or improperly calculating the guideline range. *Gall*, 552 U.S. at 51. Collins contends

that his sentence was procedurally unreasonable because he received an ACCA enhancement based on his Florida youthful-offender convictions. Specifically, Collins argues that his youthful-offender convictions are not ACCA predicate offenses because he was sentenced to less than 13 months' imprisonment.

This is not the first time we have seen a claim like the one Collins now presents. In *United States v. Wilks*, 464 F.3d 1240 (11th Cir. 2006), a defendant challenged the failure of the ACCA and the career-offender guideline provision, U.S.S.G. § 4B1.1, to distinguish between youthful-offender and adult convictions, which he argued was improper in light of the Supreme Court's holding in *Roper v. Simmons*, 543 U.S. 551 (2005), "that the Eighth Amendment prohibits execution of individuals under the age of eighteen at the time the capital offense is committed." *Wilks*, 464 F.3d at 1242. Based on this, he also argued that the district court erred in counting his youthful-offender convictions as predicate offenses for the ACCA and career-offender enhancements. *Id.*

We concluded in *Wilks* that *Roper* did not overrule our prior decisions holding that youthful offender convictions can qualify as predicate offenses for sentence-enhancement purposes; rather, we held, whether the enhancements were proper continued to be controlled by *United States v. Pinion*, 4 F.3d 941 (11th Cir. 1993), and *United States v. Spears*, 443 F.3d 1358 (11th Cir. 2006). *See Wilks*, 464 F.3d at 1243. The *Wilks* court observed that *Pinion* had held "that prior

3

youthful offender convictions under state law may be used as predicate offenses to classify an adult defendant as a career offender under § 4B1.1 if the defendant's youthful offense resulted in an adult conviction and a sentence of more than one year and one month." *Id.* at 1242 (citing *Pinion*, 4 F.3d at 944–45). *Wilks* also cited *Pinion* for how to determine whether a youthful offender was convicted as an adult. *Id.* Separately, the *Wilks* court stated that *Spears* "held that a defendant's robbery conviction, for a crime committed when he was seventeen years old, counted towards ACCA enhancement because he was prosecuted as an adult and the offense was punishable by a term of imprisonment exceeding one year." *Id.* at 1242–43 (citing *Spears*, 443 F.3d at 1360–61).

Although the defendant in *Wilks* was convicted as a youthful offender, we highlighted that he "was otherwise treated as an adult criminal, and he was sentenced to [a] term of imprisonment exceeding one year and one month." *Wilks*, 464 F.3d at 1243. We concluded that "[t]he § 4B1.1 and ACCA enhancements [were] proper and the outcome of this case [was] controlled by *Pinion* and *Spears*," as those cases had not been overruled by *Roper*. *See id.*

Turning from *Wilks* to the underlying decisions, the defendant in *Spears* argued that his robbery conviction could not count as an ACCA predicate offense because he was 17 years old when he committed the robbery. *Spears*, 443 F.3d at 1360–61. We rejected the argument because the defendant was convicted and

4

sentenced as an adult for an offense punishable by imprisonment for a term exceeding one year, as required under the ACCA's definition of a violent felony. *See id.* at 1361 (citing 18 U.S.C. § 924(e)(2)(B)).

In *Pinion*, the defendant challenged the use of his South Carolina youthful-offender convictions in assessing his criminal-history points and in classifying him as a career offender because he was 17 years old at the time of his convictions. *Pinion*, 4 F.3d at 943. To decide whether the district court properly considered the youthful-offender convictions, we first examined U.S.S.G. § 4A1.2(d), "which deals with the treatment of offenses committed prior to the age of eighteen for purposes of determining a defendant's criminal history" and states that three criminal-history points should be assessed for each sentence where the minor defendant (1) was convicted as an adult and (2) received a sentence of imprisonment exceeding 13 months. *Id.* at 943–44. We also examined the application notes to § 4A1.2(d), which states that "for offenses committed prior to the age of eighteen, only those that result in adult sentences of imprisonment exceeding one year and one month are counted." *Id.* at 944 (quoting U.S.S.G. § 4A1.2(d), cmt. (n.7)) (emphasis and ellipsis omitted). Because it was undisputed that the defendant was sentenced to and served a sentence greater than 13 months' imprisonment, our analysis focused on whether his youthful offense was an adult conviction based on the nature of the proceedings, the sentences received, and the

actual time served. *See Pinion*, 4 F.3d at 944–45. We concluded that they were, so the district court properly used the youthful offender convictions to assess criminal history points and apply the career-offender enhancement. *Id.* at 945.

Contrary to Collins's arguments, *Wilks* did not limit the use of youthful-offender convictions as ACCA predicate offenses to those in which the defendant was sentenced to at least 13 months' imprisonment, and the ACCA itself does not apply any such requirement. *Wilks*, rather, reiterated the proposition in *Pinion* that youthful offender convictions can serve as predicate offenses for the Guidelines career-offender enhancement in § 4B1.1. *Wilks*, 464 F.3d at 1242–43. Collins's sentence, however, was not enhanced under § 4B1.1. Instead, Collins's youthful-offender convictions were used as ACCA predicate offenses—and the ACCA requires only that the conviction be "punishable by … *one year*." *Id.* at 1243 (emphasis added). Thus, the district court did not procedurally err in sentencing Collins as an armed career criminal based on his Florida youthful-offender convictions because he does not dispute that he was tried as an adult, convicted of serious drug offenses within the meaning of the ACCA, and sentenced to 365 days' imprisonment.

## III

After considering procedural reasonableness, we consider the substantive reasonableness of a sentence in light of the totality of the circumstances and the

§ 3553(a) factors.  *Gall*, 552 U.S. at 51.  A district court abuses its discretion by: (1) failing to consider relevant factors that were due significant weight; (2) giving an improper or irrelevant factor substantial weight; or (3) committing a clear error of judgment by balancing proper factors unreasonably.  *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc).  We may vacate the sentence only if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors to arrive at an unreasonable sentence based on the facts of the case.  *Id.* at 1190.  The district court must issue a sentence "sufficient, but not greater than necessary" to comply with the purposes of § 3553(a)(2).  18 U.S.C. § 3553(a).

The weight given to any specific § 3553(a) factor is left to the district court's sound discretion.  *Clay*, 483 F.3d at 743.  We ordinarily expect a guideline-range sentence to be reasonable, and the defendant bears the burden of showing otherwise.  *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).  Further, a sentence well below the statutory maximum penalty is another indicator of reasonableness.  *See id.*

Collins contends that—assuming the district court erred in sentencing him pursuant to the ACCA—his 210-month sentence was a substantively unreasonable upward variance.  We have already concluded, however, that the district court correctly determined that Collins was an armed career criminal under 18 U.S.C. §

924(e).  The court did not impose a substantively unreasonable sentence because it sentenced him to a term of imprisonment that was well below the statutory maximum of life in prison.

    **AFFIRMED.**

**UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

October 15, 2019

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 18-12431-JJ
Case Style: USA v. Devin Collins
District Court Docket No: 8:17-cr-00252-SDM-JSS-1

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Tiffany A. Tucker, JJ at (404)335-6193.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Jeff R. Patch
Phone #: 404-335-6151

OPIN-1 Ntc of Issuance of Opinion